# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL JOHN STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>WANER, FRINK, ROEHRIGE, EMERSON, HODGES, KLOOS, CHRISTIAENS, SHERRARD, WANDLER, and CRANDLE,<br><br>Defendants. | CV 13-00081-GF-DLC-RKS<br><br><br><br>ORDER |

Defendants Kloos, Frink, Sherrard, Crandall, Christianens, and Wandler filed a Notice of Removal on September 26, 2013. (Doc. 1.) Plaintiff Michael Stewart filed a Motion for Remand on October 18, 2013 arguing the federal claims in the complaint were listed last and intended to be secondary to the alleged violations of Montana state law and the Montana Constitution. In addition, Mr. Stewart argues that Defendants' Notice of Removal violated the rule of unanimity in that all Defendants had not consented to the notice of removal. (Doc. 9.) The motion for remand will be denied.

Regardless of whether Mr. Stewart intended his federal claims to be secondary to his state law claims, it is undisputed that he presented federal claims

in his Complaint.  Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants."  Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. Here, Defendants base removal on the federal questions raised in Mr. Stewart's Complaint.

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 (1987).  Mr. Stewart has clearly plead claims under federal law.  In his statement of claims, Mr. Stewart lists Count 5 as an Eighth Amendment cruel and unusual punishment claim and Count 6 as a Fourteenth Amendment due process claim.  In his request for relief, Mr. Stewart asks for a declaration that Defendants violated his rights under the United States Constitution.  (Doc. 6, p. 5, ¶ 6(1).)  A federal question is clearly presented on the face of the Complaint and removal is proper.

Mr. Stewart also argues that Defendants violated the rule of unanimity. When a civil action has been removed solely based upon federal question jurisdiction, under 28 U.S.C. § 1441(a), "all defendants who have been properly

joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destifino v. Reiswig*, 630 F.3d 952, 956-957 (9th Cir. 2011); *citing Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (alteration in original and internal quotation marks omitted)). Regardless of whether or not the original notice of removal was defective for not indicating the consent of all the defendant, all Defendants have now filed Consent to the Removal. The defect has been cured prior to entry of judgment and there is no need to remand on this basis.

In cases filed in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Although Defendants have been served in this matter, they filed a Waiver of Reply preserving their ability to raise all defenses until after the Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A. The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious,

or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Mr. Stewart should await the Court's preliminary screening order prior to taking further action in this matter.

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (Doc. 9) is denied. Pursuant to Local Rule 3.3(a) all "[m]otions and other requests directed to the state court are automatically terminated upon removal but may be refiled in this Court."

DATED this 29th day of October, 2013.


  /s/ Keith Strong
Keith Strong
United States Magistrate Judge