IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL JOHN STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>WANER, FRINK, ROEHRIGE, EMERSON, HODGES, KLOOS, CHRISTIAENS, SHERRARD, WANDLER, and CRANDLE,<br><br>Defendants. | CV 13-00081-GF-DWM-RKS<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS FEDERAL CLAIMS AND REMAND |

Mr. Stewart filed this matter in the Ninth Judicial District Court of the State of Montana, Toole County on July 10, 2013. (Complaint, Doc. 6.) The Complaint raises claims under the Montana Constitution, the Montana Code, the Eighth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution based upon Mr. Stewart's allegation that Defendant Waner called him a child molester in front of other inmates subjecting him to harassment from other inmates. He alleges the other defendants were made aware of Waner's comment through grievances. (Complaint, Doc. 6.)

Defendants removed the matter to this Court on September 26, 2013 (Doc. 1) and filed a Waiver of Reply pursuant to 42 U.S.C. § 1997e(g) and L.R. 12.1(c)

1

on October 18, 2013. (Doc. 11.) On April 23, 2014, this Court issued an Order after conducting the prescreening analysis required by 28 U.S.C. §§ 1915, 1915A finding that Mr. Stewart's federal claims were subject to dismissal because he failed to allege a substantial risk of serious harm and did not allege a liberty or property interest subject to the protections of the due process clause. Because those defects might be cured by the allegation of additional facts, Mr. Stewart was given until May 16, 2014 to file an amended complaint. Mr. Stewart did not meet the May 16, 2014 deadline and has not filed an amended complaint. Mr. Stewart failed to correct the deficiencies in his federal constitutional claims and they should be dismissed for failure to state a claim.

When the federal claims that served as the basis for removal are eliminated, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action. 28 U.S.C. § 1367(c)(3). Should Judge Molloy accept the recommendation to dismiss Mr. Stewart's federal claims, the only remaining claims in the Complaint would be based on state law. To date, no responsive pleadings have been filed and no dates have been scheduled. Given the lack of any federal claims, coupled with the early stage of the litigation, the Court should exercise its discretion and remand this case to the state court from which it was removed. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (a district

court has discretion to remand a properly removed case to state court when no federal claims are remaining, "upon a proper determination that retaining jurisdiction over the case would be inappropriate."); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

It is **RECOMMENDED:**

    1. Mr. Stewart's federal claims should be dismissed.

    2. The Court should decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3) and remand this case to the Ninth Judicial District Court of the State of Montana, Toole County.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &  
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The partes may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of June, 2014.

                                          */s/ Keith Strong*
                                          Keith Strong
                                          United States Magistrate Judge